IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Matthew J. Jones, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:05cv91 |
| | ) |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Matthew J. Jones (hereinafter "Jones" "claimant" or "plaintiff") initiated this action under 42 U.S.C. §405(g) seeking judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Before the court are both parties' motions for summary judgment. For the reasons articulated in this report, the magistrate judge finds that the Commissioner's failure to follow the agency's own procedural rules resulted in prejudice to the claimant, warranting remand for consideration of the new evidence plaintiff was precluded from presenting as a result. Therefore, the magistrate judge recommends defendant's motion for summary judgment (Doc. # 9) be **DENIED** and plaintiff's motion for summary judgment (Doc. # 7) be **GRANTED in part**, with the entry of an order remanding the case for consideration of the additional evidence.

1

Statement of the Case

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. wherein the claimant seeks review of the final determination of the Commissioner of Social Security finding plaintiff was not entitled to disability insurance benefits. Claimant alleged a disability onset of February 27, 2001, due to "chemical allergies, severe cold sensitivity, lower back pain, chronic hip pain, severe intermittent abdominal pain with diarrhea, vomiting after eating." (Tr. 90). The State Agency and the Social Security Administration denied plaintiff's application initially and upon reconsideration. Plaintiff timely requested a hearing de novo, which was held before an Administrative Law Judge ("ALJ") on July 31, 2003. Claimant appeared personally, represented by attorney John Winters. On December 12, 2003 the ALJ issued his opinion, finding claimant is not entitled to a period of disability insurance benefits under sections 216(I) and 223 of the Social Security Act. (Tr. 39). The Appeals Council denied plaintiff's request for review on June 24, 2005, making the decision of the ALJ the Commissioner's final decision. (Tr. 6-8). Plaintiff sought judicial review of the Commissioner's decision in a Complaint filed August 23, 2005.

Discussion

The ALJ issued an opinion denying Jones' claim for disability benefits on December 12, 2003. Jones timely requested review of the ALJ's decision by the Appeals Council. By letter dated February 12, 2004 Jones' new counsel forwarded to the Social Security Administration ("SSA") claimant's Request for Review of the unfavorable decision. Counsel also enclosed an Appointment of Representation form, indicating his representation of the claimant. Further, counsel requested a copy of the hearing tapes. (Tr. 281). On January 12, 2005 counsel

corresponded with the Office of Hearings and Appeals. (Tr. 284). In this letter he acknowledged receipt of the hearing tapes on December 22, 2004,[1] accompanied by a letter from SSA allowing counsel 25 days to submit additional evidence and legal argument to the Appeals Council. Counsel specifically requested a postponement and extension, outlining various reasons in support: (1) Counsel did not yet have a copy of the exhibit file in the case because claimant's counsel at the administrative law judge hearing, John Winters, had retired and moved to Florida, and in the process destroyed the exhibit file; (2) The exhibit file obtained from the district office of SSA was incomplete; and (3) The cassette tapes of the hearing were of poor quality and rarely audible. Jones' counsel again requested a copy of the exhibit file and a better quality copy of the hearing tapes. In addition, he made a plea for an extension of time, stating: "Then please allow me a reasonable time after you have provided these materials to me to submit additional evidence and legal argument." (Tr. 285).

Again on April 7, 2005 Jones' counsel wrote to the Appeals Council requesting a cassette copy of the hearing tapes and a copy of the exhibit file, pointing out a mix-up on the part of SSA:

> Enclosed please find a copy of the letter of January 12, 2005, which I faxed and mailed to you. You will note that I informed you that I represent Matthew J. Jones on his request for review of an unfavorable decision by an administrative law judge. Unfortunately, Matthew Jones has now provided me with a copy of a letter dated March 30, 2005, from you indicating that the tapes and exhibit file which I requested was sent to Mr. Jones's previous attorney of record, Mr. John Winters in Crookston, Minnesota. It is my understanding that Mr. Winters no longer practices law in Crookston, Minnesota, and that that office has been closed. I am a sole practitioner and have no association with Mr. Winters.

(Tr. 297). Counsel again enclosed a copy of his Appointment of Representation form. (Tr. 298).

---

[1] Why the tapes were not produced for over 11 months is a mystery.

Finally, on June 10, 2005 the Appeals Council provided Jones' attorney copies of the exhibits and an acceptable copy of the hearing tapes. The accompanying letter provides that counsel "may send more evidence or a statement about the facts and law in this case" provided the new evidence is "new and material to the issues considered in the hearing decision dated December 12, 2003." (Tr. 10). The letter further provides, in bold lettering, "**We will Not Act for 25 Days**." Immediately following this pronouncement, the letter reads: "If you have more information, you must send it to us within 25 days of the date of this letter. We will not allow more time to send information except for very good reasons." (Tr. 10).

Jones' counsel again requested an extension of time to submit additional evidence. In a letter dated June 27, 2005 counsel calculated his deadline to be July 5, 2005, but because of a personal conflict he requested an extension. (Tr. 350).[2] On June 24, 2005, just 14 days after issuing the cover letter, exhibits and tapes to Jones, the Appeals Council denied Jones' request for review. As part of the denial, the Appeals Council stated it had received additional evidence "which it is making part of the record." (Tr. 9). The additional "evidence" was identified as counsel's repeated correspondence requesting a copy of the exhibit file and administrative law judge hearing audio tapes, as well as an extension of time to submit new evidence, outlined above.

Apparently Jones' June 27, 2005 request for extension and the Appeals Council's "speedy" denial of review "passed in the mail," prompting counsel again to correspond with SSA, requesting the denial "be vacated and that [he] be allowed an extension to provide

---

[2]Plaintiff's Proposed Additions to Transcript (Tr. 350-372) are received without objection.

additional evidence and legal argument by August 5, 2005." (Tr. 353). Hearing nothing, on August 4, 2005 Jones submitted a letter dated November 18, 2004 from Richard T. Vetter, M.D., Jones' treating physician, an affidavit of Matthew J. Jones dated August 4, 2005, and an extensive letter brief arguing the claimant's position for reversal of the unfavorable decision. (Tr. 355-371). Because the Commissioner was unwilling to consider this additional evidence at the administrative stage, Jones' only recourse was to seek judicial review.

Plaintiff argues the Commissioner's failure to follow the agency's own rules by not allowing counsel at least the stated 25 days in which to submit additional evidence before the Appeals Council denied review warrants remand. Claimant further argues that if the ALJ had been afforded the opportunity to review the additional evidence, "[t]here is a reasonable likelihood that given this testimony from Jones' treating physician the ALJ would have reached a different conclusion." Plaintiff's Brief in Support of Motion for Summary Judgment, at 10. The Commissioner acknowledges the violation of its own procedures, but argues the new evidence "was not material in that it would not have changed the ALJ's decision even if it had been considered, and therefore, does not provide a basis for remand." Brief in Support of Defendant's Motion for Summary Judgment and in Response to Plaintiff's Motion for Summary Judgment, at 22.

The court will first address the claimant's argument that the Commissioner violated the agency's own rules by issuing the Appeals Council ruling before the expiration of 25 days, in contravention of the Appeals Council's correspondence dated June 10, 2005. To determine the Commissioner's "own rules" the court looks to the Hearings, Appeals and Litigation Law Manual (HALLEX). HALLEX Section I-3-085 provides, in relevant part:

A. General

A claimant or the claimant's authorized representative (hereinafter "claimant") may request an extension of time to submit evidence or arguments. <u>The Appeals Council routinely allows 40 days for submission of evidence and arguments.</u> For second requests or initial requests for more than 40 days, the Council will consider the particular set of circumstances in each case. The Council does not grant extensions automatically and will grant additional time only if there are extenuating circumstances present in the case.

Although this section provides the Appeals Council will allow 40 days for the submission of evidence and argument, whereas the letter delivered to claimant in this case provides for only 25 days, it is clear defendant wholly disregarded established policy. Further, the Appeals Council indicated it reviewed and made part of the record "additional evidence" submitted by claimant, when in fact that "evidence" was merely correspondence from claimant's counsel seeking a copy of the record and pleading for an extension of time in which to submit additional evidence and argument. The undersigned finds the Commissioner's actions disengenuous, but more importantly they suggest a callous disregard of the claimant's rights. But does this callous disregard translate to remand or reversal?

The Fifth Circuit Court of Appeals in <u>Newton v. Apfel</u> addressed the Appeals Council's failure to comply with HALLEX, stating:

> While HALLEX does not carry the authority of law, this court has held that "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required."

209 F.3d 448, 459 (5th Cir. 2000)(<u>quoting</u> <u>Hall v. Schweiker</u>, 660 F.2d 116, 119(5th Cir. 1981)). The court further held that "if prejudice results from a violation, the result cannot stand." <u>Id.</u>

Thus, the court must evaluate the new evidence submitted by claimant to determine whether he was prejudiced by the Appeals Council's actions.

Sentence six of Section 405(g) provides:

> the court may,..., remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding; ... .

42 U.S. C. § 405(g). Good cause for failure to earlier incorporate the evidence is established by the Commissioner's failure to allow claimant the opportunity to submit additional evidence and argument before denying review. The magistrate judge thus turns to the materiality of the additional evidence.

In order to warrant remand, new evidence in a social security case must be non-cumulative, relevant, and probative of claimant's condition for the time period for which benefits were denied. Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993). Additionally, "there must be a reasonable likelihood that it would have changed the Secretary's determination." Id. (citing Szubak v. Secretary of Health and Human Servs.,745 F.2d 831, 833 (3rd Cir. 1984) (citations omitted)). Applying this standard, the magistrate judge recommends a finding that the new evidence submitted by counsel is material and the Appeals Council's inexplicable violation of the Commissioner's "own rules" severely prejudiced claimant.

Claimant's additional evidence is a letter dated November 18, 2004 authored by Dr. Richard T. Vetter, his treating physician for over ten years, and an affidavit of the claimant clarifying perceived misconceptions in the ALJ's decision. (Tr. 358-59, 360-62). The magistrate

judge finds Dr. Vetter's letter is compelling evidence of claimant's gastrointestinal issues and, as claimant asserts, controverts some the conclusions reached by the ALJ.

First, Dr. Vetter states that claimant suffers from "chronic recurrent abdominal pain" and has "required on-going treatment with muscle relaxers and ... pain medication... and proton pump inhibitors... ." (Tr. 358). He further states claimant "controls his pain with little to no activity as well as chronic use of narcotics in the form of Vicodin, Nexium and Valium." (Tr. 358). This statement is supported by Dr. Vetter's treatment records, (Tr. 184: "Ongoing chronic abdominal pain, nausea." "Refilled his Valium 10 mg t.i.d. p.r.n.") (Tr. 230: "He has been using his Valium intermittently for the abdominal pain, and spasms. Usually anywhere from none to up to 20 to 30 per month if having a lot of problems.") (Tr. 264: claimant reported nausea and sweating after eating most of the time), and it directly addresses the ALJ's conclusion:

> It is not until examination by Dr. Rosenbaum, a specialist in physical medicine and rehabilitation, in June 2003, that the claimant related any significant symptoms related to dumping syndrome and the undersigned finds such were presented primarily for the purpose of establishing disability and entitlement to disability benefits under the Social Security program.

(Tr. 35). The ALJ's statement concerning claimant's reporting does not jibe with claimant's treating physician's account.

Additionally, Dr. Vetter's letter addresses claimant's treatment record for his gastrointestinal issues, recognizing that payment for treatment of his "workmen's Comp" related injury is available, but he "cannot afford, financially, to address his other medical needs to any significant degree." This statement may, in all likelihood, "explain away" the ALJ's concern over claimant's lack of treatment:

> No specialist in gastroenterology or internal medicine has evaluated the claimant

and confirmed that these alleged symptoms are related to dumping syndrome or
any other gastrointestinal disorder other than residuals of his extensive surgeries at
a young age.

(Tr. 34).

Claimant has been prejudicially denied the opportunity to present new material and relevant evidence. Accordingly, "the result cannot stand." Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000). Therefore, the magistrate judge **RECOMMENDS**:

1. Defendant's Motion for Summary Judgment (Doc. #9) be **DENIED**;

2. Plaintiff's Motion for Summary Judgment (Doc. #7) be **GRANTED**, **in part**;

3. This action be **REMANDED** to the Commissioner for further proceedings.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy hereof.

Dated this 12th day of September, 2006.

*Karen K. Klein*
Karen K. Klein
United States Magistrate Judge